UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-cv-000355-MR

| | |
|---|---|
| MARKESE D. RICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| KENNETH DIGGS, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254 on June 12, 2023. [Doc. 1].

**I.  BACKGROUND**

Markese D. Rice (the "Petitioner") is a prisoner of the State of North Carolina, convicted of first-degree murder in Mecklenburg County on March 10, 2009 and sentenced to life without parole. [Doc. 1 at 1]. The Petitioner filed a direct appeal and his conviction was affirmed by the North Carolina Court of Appeals on April 20, 2010. [Id. at 2]; State v. Rice, 203 N.C. App. 573, 692 S.E.2d 890 (2010). The Petitioner sought discretionary review by the North Carolina Supreme Court, which was denied on August 26, 2010. [Id. at 2-3].

On July 26, 2011, the Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Mecklenburg County Superior Court, which was denied on September 16, 2011. [Id. at 3-4]. The Petitioner subsequently sought certiorari review, which the North Carolina Court of Appeals denied on November 18, 20011. [Id.].

The Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on January 6, 2012. See Rice v. N.C., Case No. 3:12-cv-00007 (W.D.N.C.). On September 20, 2012, the Court granted the Respondent's Motion for Summary Judgment and dismissed the § 2254 petition with prejudice on the merits. [See Doc. 13 of Rice v. N.C., Case No. 3:12-cv-00007 (W.D.N.C.)]. The Petitioner sought reconsideration of the dismissal, which the Court denied on June 23, 2014. [See Doc. 24 of Rice v. N.C., Case No. 3:12-cv-00007 (W.D.N.C.)].

The Petitioner filed the instant § 2254 petition in this Court on June 12, 2023. [Doc. 1].

## II.  STANDARD OF REVIEW

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is entitled to no relief. Rule 4, 28 U.S.C.A. foll. § 2254.

2

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings is expressly limited. See 28 U.S.C. § 2244(b)(3). If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another habeas petition challenging the same state criminal judgment unless the prisoner has obtained permission to do so from the appropriate federal court of appeals. 28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007)(failure of petitioner to obtain authorization from court of appeals to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition).

### III. DISCUSSION

The Petitioner titles his § 2254 petition "2254 Motion for Reconsideration or Reopen." [Doc. 1 at 1]. The Petitioner acknowledges that the petition is filed eleven years after the Court dismissed his previous § 2254 petition. [Id. at 6]. Based on the following grounds, the Petitioner asks that the Court reconsider or reopen his § 2254 proceeding. [Id. at 11].

3

First, the Petitioner asserts that some of the case law this Court previously relied upon to dismiss his petition has been overruled. [Doc. 1 at 6-8]. He lists several cases cited by this Court in its dismissal Order that he claims have been called into question by subsequent cases. [Id.].

Second, the Petitioner claims that he has evidence that shows the Court overlooked the fact that he raised ineffective assistance of appellate counsel in his state post-conviction MAR, despite the Court's finding that he failed to do so. [Doc. 1 at 6-8]. The Petitioner points out that on page 4 of his MAR, it shows that he checked the box that states his conviction was obtained due to the "ineffectiveness of trial/appellate defense counsel." [Id. at 7].

Finally, the Petitioner argues that his trial counsel failed to object to the prosecution's introduction of his statement to law enforcement and introduction of the video of the statement. [Doc. 1 at 8]. The Petitioner claims that the video will show that police used a technique wherein they questioned him before reading his Miranda rights in order to improperly obtain a confession from him. [Id.]. The Petitioner cites to Missouri v. Seibert, 542 U.S. 600 (2004) and Thompson v. Runnel, 621 F.3d 1007 (9th Cir. 2010) for the proposition that a constitutional violation can result when police deliberately withhold a Miranda warning until after obtaining an in-custody confession. [Doc. 1 at 8-9].

This Petition is successive, and the Petitioner's claims are not new claims for which he has obtained proper authorization from the appellate court to file. Rather, the Petitioner appears to be seeking rehearing or reconsideration of the dismissal of his prior § 2254 petition. However, requests for reconsideration or rehearing under Fed. R. Civ. P. 59 or 60 shall be granted only in very limited circumstances and the requests shall be filed within a certain time period.[1]

The Petitioner has failed to raise any grounds upon which reconsideration or rehearing under Fed. R. Civ. P. 59 or 60 can be granted and his request for such relief is untimely filed. His allegations regarding case law being subsequently called into question are vague and conclusory and he does not demonstrate that the case law relied upon by this Court in its dismissal Order has been directly overturned or is no longer good law in this jurisdiction.

---

[1] Motions to alter or amend a judgment pursuant to Rule 59(e) shall be filed no later than 28 days after entry of judgment and shall be granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)). Motions seeking relief from judgment under Rule 60(b) must be filed within a reasonable time and may only be granted upon a showing of mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or any other reason justifying relief. Fed. R. Civ. P. 60(b).

This Court previously concluded that the Petitioner did not raise his claims of ineffective assistance of appellate counsel in his MAR and found those claims to be procedurally defaulted. [See Doc. 13 at 11-14 of Rice v. N.C., Case No. 3:12-cv-00007 (W.D.N.C.)]. His contention that he checked the box on his MAR to raise "ineffectiveness of trial/appellate defense counsel" does not show that he substantively raised ineffective of appellate counsel in his MAR nor does it qualify as newly discovered evidence because the Petitioner knew or should have been aware of that fact at the time he filed his previous § 2254 petition.

The Petitioner previously raised his claim that trial counsel failed to object to introduction of his statements to law enforcement and the Court dismissed the claim on grounds that it was barred by procedural default. The Court also held that even if it were to consider the claim on the merits, it would fail because the Petitioner was not in custody at the time he made the confession. [See Doc. 13 at 11-14 of Rice v. N.C., Case No. 3:12-cv-00007 (W.D.N.C.)]. The case law from 2004 and 2010 on which the Petitioner relies concerning Miranda warnings does not demonstrate that the Court committed any legal error in dismissing his claim. The case law was available to the Petitioner at the time he filed his prior § 2254 petition and does not constitute newly discovered evidence.

The Petitioner fails to show any clear error of law that requires this Court's correction, nor presence of any exceptional circumstances under which a motion for reconsideration may be granted more than eleven years after this Court's dismissed his prior § 2254 petition. The Petitioner's claims are not proper claims for reconsideration or rehearing under Rules 59 or 60 as he seeks to attack his underlying conviction and fails to raise any procedural defect in the integrity of the prior habeas proceeding. Therefore, in essence, the Petitioner's new § 2254 petition is an improper and unauthorized successive petition. See U.S. v. Winestock, 340 F.3d 200, 2007 (4th Cir. 2003)(a motion for rehearing filed in a habeas proceeding that directly attacks the underlying conviction constitutes a successive habeas petition). As such, the § 2254 petition [Doc. 1] shall be dismissed.

## IV. CONCLUSION

For the reasons set forth above, the Petitioner is not entitled to relief and his § 2254 petition shall be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

7

Case 3:23-cv-00355-MR   Document 2   Filed 06/28/23   Page 7 of 8

wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as an unauthorized, successive Section 2254 petition.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: June 28, 2023

Martin Reidinger
Chief United States District Judge